# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5476**                     **September Term, 2025**

**1:25-cv-00946-CKK**

**Filed On:**  July 2, 2026

League of United Latin American Citizens, et
al.,

       Appellees

    v.

Executive Office of the President, et al.,

       Appellants

Republican National Committee,

       Appellee

------------------------------

Consolidated with 25-5478, 26-5098,
26-5099, 26-5102, 26-5182

**BEFORE:**    Millett, Wilkins, and Katsas, Circuit Judges

## O R D E R

Upon consideration of the motion for summary reversal in No. 26-5098, the responses thereto, and the replies; and the cross-motions for summary affirmance and the responses thereto, it is

**ORDERED** that the motion for summary reversal be denied, and the cross-motions for summary affirmance be granted.  The merits of the parties' positions are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).  The district court did not abuse its discretion in concluding that appellant Perez's motion to intervene was untimely.  See United States v. Brit. Am. Tobacco Austl. Servs., Ltd., 437 F.3d 1235, 1238 (D.C. Cir. 2006).  That motion was filed more than ten months after the underlying suit was initiated and more than three months after final judgment was entered on the claim as to which appellant sought to intervene, and appellant has shown no reason why he could

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 25-5476**                              **September Term, 2025**

not have sought intervention at an earlier time.  Acree v. Republic of Iraq, 370 F.3d 41, 49 (D.C. Cir. 2004) ("Courts are generally reluctant to permit intervention after a suit has proceeded to final judgment, particularly where the applicant had the opportunity to intervene prior to judgment.").  Nor has appellant rebutted the district court's conclusions that reopening the case would prejudice the existing parties, and that appellant's position has been adequately represented both in the district court and on appeal by the existing parties.  It is

**FURTHER ORDERED** that the consolidation of No. 26-5098 with No. 25-5476, et al., be terminated.  It is

**FURTHER ORDERED**, on the court's own motion, that the parties in No. 25-5476, et al., submit proposed formats for the briefing of these consolidated cases within 30 days of the date of this order.  The parties are strongly urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief.  Whether the parties are aligned or have disparate interests, they must provide _detailed_ justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment.  Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate in No. 26-5098 until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**