LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,

          *Plaintiffs-Appellees*,

  v.

EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,

          *Defendants-Appellants*,

REPUBLICAN NATIONAL COMMITTEE,

          *Defendant-Appellant*.

Case No. 25-5476 (consolidated with Case Nos. 25-5478, 26-5099, 26-5102, 26-5182)

## UNOPPOSED PROPOSED BRIEFING FORMAT

Pursuant to this Court's July 2, 2026, order, *see* Dkt. 2181572, League[1] and LULAC[2] Plaintiffs-Appellees, through undersigned counsel, respectfully propose a briefing format that would permit League and LULAC Appellees to file joint briefs separate from the remaining appellees—the Democratic Party Plaintiffs-

---

[1] League of Women Voters Education Fund, League of Women Voters of the United States, League of Women Voters of Arizona, Hispanic Federation, National Association for the Advancement of Colored People, OCA-Asia Pacific American Advocates, and Asian and Pacific Islander American Vote.

[2] League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association.

Appellees[3]—while allotting each appellee group the full length authorized under the Local Rules, with Appellants and Intervenor-Appellant Republican National Committee (the "RNC") each afforded the same allotment. League and LULAC Appellees (collectively "Nonpartisan Appellees" or "Nonpartisan Plaintiffs") advance distinct arguments and would be prejudiced by briefing jointly with the partisan Democratic Party Plaintiffs-Appellees. Nonpartisan Appellees further respectfully propose a briefing schedule under which Appellants' Briefs would be due October 14, 2026; Appellees' Briefs would be due December 14, 2026; and Reply Briefs would be due January 25, 2027. All parties join in this proposed briefing format and schedule.

## BACKGROUND

President Trump signed Executive Order No. 14,248 on March 25, 2025. Shortly thereafter, the LULAC, Democratic Party, and League Plaintiffs filed separate complaints challenging multiple provisions of the Executive Order, including, as relevant here, Section 2(a), which directs the Election Assistance Commission to "take appropriate action to require" applicants using the national mail voter registration form to provide documentary proof of United States

---

[3] Democratic National Committee, Democratic Governors Association, Democratic Senatorial Campaign Committee, Democratic Congressional Campaign Committee, U.S. Senate Minority Leader Charles E. Schumer, and U.S. House of Representatives Minority Leader Hakeem S. Jeffries.

citizenship; Section 2(d), which requires federal agencies to "assess citizenship" before providing the Federal Form to "enrollees of public assistance programs"; and Section 3(d), which requires the Secretary of Defense to add a documentary proof-of-citizenship requirement on the Federal Post Card Application for military and overseas voters.

The district court consolidated the cases and, on Nonpartisan Plaintiffs' motion, permitted Nonpartisan Plaintiffs to brief issues separately from Democratic Party Plaintiffs. *See* Order, *League of United Latin Am. Citizens v. Exec. Off. of the President* ("*LULAC*"), No. 1:25-cv-946-CKK (D.D.C. Apr. 5, 2025), ECF No. 31.

In October 2025, the district court granted summary judgment to both Nonpartisan and Democratic Party Plaintiffs as to Section 2(a), permanently enjoined its enforcement, and certified the ruling as a final, appealable order under Federal Rule of Civil Procedure 54(b). *See LULAC*, 808 F. Supp. 3d 29 (D.D.C. 2025); Order, *LULAC*, No. 1:25-cv-946-CKK (D.D.C. Oct. 31, 2025), ECF No. 217. RNC and Defendants each filed notices of appeal from that order. Notice of Appeal, *LULAC*, No. 1:25-cv-946-CKK (D.D.C. Dec. 23, 2025), ECF No. 227; Notice of Appeal, *LULAC*, No. 1:25-cv-946-CKK (D.D.C. Dec. 24, 2025), ECF No. 229.

In January 2026, the district court resolved the LULAC and Democratic Party Plaintiffs' remaining claims. *See LULAC*, 818 F. Supp. 3d 34 (D.D.C. 2026). As relevant here, the court granted summary judgment to the LULAC and Democratic

Party Plaintiffs as to Section 3(d) and granted summary judgment to the Democratic Party Plaintiffs as to Section 2(d), permanently enjoined their enforcement, and entered final judgment to that effect. *See id.* at 116–17; Final Judgment, *LULAC*, No. 1:25-cv-946-CKK (D.D.C. Mar. 31, 2026), ECF No. 256. The RNC and Defendants each filed notices of appeal. Notice of Appeal, *LULAC*, No. 1:25-cv-946-CKK (D.D.C. Mar. 30, 2026), ECF No. 254; Notice of Appeal, *LULAC*, No. 1:25-cv-946-CKK (D.D.C. Mar. 31, 2026), ECF No. 257; Notice of Appeal, *LULAC*, No. 1:25-cv-946-CKK (D.D.C. May 28, 2026), ECF No. 260.

This Court consolidated the various appeals, *see* Dkt. 2166838, and directed the parties to propose a briefing format, *see* Dkt. 2181572.[4] Nonpartisan Appellees propose a format that allows separate briefing from the Democratic Party Appellees—consistent with the district court's approach—and provides each set of Appellees the full length authorized for principal and reply briefs under Local Rule 32(a)(7), while affording Appellants and the RNC the same allotment. All parties join in this proposed briefing format.

---

[4] The Court initially consolidated a separate appeal from a denial of intervention, *see* Dkt. 2166838, but later summarily affirmed that denial and severed the appeal, *see* Dkt. 2181572.

**I.   The Court Should Permit Nonpartisan Appellees and Democratic Party Appellees to Submit Separate Briefs.**

Nonpartisan Appellees seek to file separate briefs from the partisan Democratic Party Appellees for two reasons.

*First*, Nonpartisan and Democratic Party Appellees will advance materially different standing theories that warrant separate presentation. Nonpartisan Appellees will defend their standing based on injuries to their organizational missions—nationwide, *non*partisan voter registration and education—and in the alternative, harm to their members. *See LULAC*, 808 F. Supp. 3d at 58–60. Nonpartisan Appellees' work depends on maintaining political neutrality; they expressly disclaim any partisan objective in order to build trust with prospective registrants and voters from across the political spectrum. *See, e.g.*, Mem. in Supp. of League and LULAC Pls.' Mot. for Partial Summ. J. at 9–18, *LULAC*, No. 1:25-cv-946-CKK (D.D.C. Jul. 11, 2025), ECF No. 145-1 (describing nonpartisan education, outreach, and registration activities). By contrast, Democratic Party Appellees premise standing on partisan objectives—specifically, the effect of the challenged Executive Order on "their ability to register new voters as members and supporters of the Democratic Party, which they do in service of their mission of electing Democratic candidates to office." *LULAC*, 808 F. Supp. 3d at 60. These distinct approaches to organizational standing—both properly credited by the district court—require distinct legal arguments and record support.

Further, Democratic Party Appellees advance an alternative theory of standing which Nonpartisan Appellees do not. On appeal, Democratic Party Appellees will rely on their political-competitor theory of standing on the basis that the Executive Order "would cause the 'illegal structuring of a competitive environment' in which 'rival parties defend their concrete interests.'" *Id.* at 61 (quotation omitted). Nonpartisan Appellees do not advance—and have not taken a position on—that standing theory in this litigation. It is inapposite to their arguments and risks undermining them: As expressly nonpartisan organizations, they have a vested interest in not intermingling their standing theories with arguments that turn on the alleged partisan advantage or disadvantage of the Executive Order.

*Second*, apart from the divergent legal arguments they will make on appeal, Nonpartisan Appellees would be prejudiced by jointly briefing with Democratic Party Appellees. Nonpartisan Appellees are nonprofit organizations, most with tax-exempt status under Section 501(c)(3) of the Internal Revenue Code. Many Nonpartisan Appellee organizations have members that belong to both major political parties or identify as Independents. Their effectiveness depends on a reputation for political neutrality. Jointly briefing this appeal with Democratic Party Appellees—who expressly assert harms to their "competitive interests in upcoming elections" and to "members and supporters" of a particular party, *see, e.g.*, Compl. ¶¶ 102–25, *Democratic Nat'l Comm. v. Trump*, No. 1:25-cv-952-CKK (D.D.C. Mar.

6

31, 2025), ECF No. 1—would risk reputational harm with their members, partners, the public, and prospective voters, and could impair ongoing voter-engagement efforts. Separate briefing avoids that prejudice while allowing each set of Appellees to present its distinct legal theories clearly and efficiently.

Given the varying positions and interests that nonpartisan and partisan actors bring to election law litigation, courts of appeal routinely permit separate briefing and argument in similar cases. *See, e.g.*, *Pa. State Conf. of NAACP Branches v. Sec'y of Pa.*, 97 F.4th 120 (3d Cir. 2024) (Democratic party appellees briefed separately from nonpartisan appellees Pennsylvania State Conference of the NAACP, League of Women Voters of Pennsylvania, and others); *Donald J. Trump for President, Inc. v. Sec'y of Pa.*, 830 F. App'x 377 (3d Cir. 2020) (similar); *Mi Familia Vota v. Fontes*, 129 F.4th 691 (9th Cir. 2025) (separate briefing by nonpartisan plaintiffs, including LULAC, and Democratic party plaintiffs); *Democratic Nat'l Comm. v. Bostelmann*, No. 20-1538, 2020 WL 3619499 (7th Cir. 2020) (separate briefing by Democratic party plaintiffs and individual voters in consolidated case). This Court has also recognized that separate briefing by nominally aligned parties is warranted where parties' interests and arguments diverge. *E.g.*, Order, *League of Women Voters of U.S. v. Newby*, No. 16-5196 (D.C. Cir. July 13, 2016), Doc. No. 1624482 (ordering separate briefing by appellee-intervenor Kobach, appellee-intervenor Public Interest Legal Foundation, and Federal Appellees in similar case regarding a documentary

proof-of-citizenship requirement for the federal form); Order, *Mich. Elec. Transmission Co. v. FERC*, No. 24-1039 (D.C. Cir. Jun. 5, 2024), Doc. No. 2058046 (two intervenors permitted to brief separately from one another and respondents based on possible divergence of litigation positions); Order, *United Keetoowah Band of Cherokee Indians in Okla. v. FCC*, No. 18-1129 (D.C. Cir. Oct. 4, 2018), Doc. No. 1753866 (different Indian tribes with similar but distinct interests in the litigation permitted to brief separately). Separate briefing is likewise warranted here.

## II. The Court Should Allot Nonpartisan and Democratic Party Appellees Each the Full Length Permitted Under Local Rule 32(a)(7).

This appeal will likely require substantial briefing on both jurisdictional and merits issues, including those described above. Based on the summary-judgment briefing before the district court, Nonpartisan Appellees estimate that approximately 20 pages will address the merits, 15 pages will address jurisdictional issues, and 5 pages will address remedial issues, although those estimates may vary depending on the issues raised in Appellants' and the RNC's principal briefs. Given this distribution, Nonpartisan Appellees respectfully propose a briefing format that permits separate briefing, with each set of parties allotted principal and reply briefs up to the length authorized by Local Rule 32(a)(7), and with Appellants and the RNC afforded the same allotment.

### III. The Democratic Party Appellees' Position on Nonpartisan Appellees' Proposed Briefing Schedule

The Democratic Party Appellees join the Nonpartisan Appellees' positions. For the reasons above, and previously stated by the district court, Democratic Party Appellees agree that the partisan and nonpartisan appellees should brief the appeal separately, including to avoid intermingling distinct theories of standing. Doing so will also ensure commensurate briefing on each side of the case, with two principal appellant briefs (from the federal defendants and Republican National Committee), and two principal response briefs (from the partisan and nonpartisan appellees). Democratic Party Plaintiffs further agree that the importance of this case warrants the full briefing allotment provided for in Local Rule 32(a)(7). Moreover, this consolidated appeal now concerns several distinct merits issues, which further warrants the full briefing allotment set out in the Local Rules.

### IV. The RNC's Position on Nonpartisan Appellees' Proposed Briefing Format

The RNC agrees to the Appellees' proposed briefing schedule and format. Consistent with the district court litigation, the RNC seeks leave to file separate briefs from the Federal Government for two reasons:

*First*, the RNC and the Federal Government have substantially different interests in this case. In its order granting the RNC intervention, the district court found that "[t]he RNC has standing both in its own right . . . and standing to

represent the interests of its members . . . to defend those provisions of the Executive Order that directly benefit the electoral prospects of Republican candidates for federal office." ECF No. 135 at 6. And "no other party in this case," including the Federal Government, "will 'adequately represent' the RNC's interests." *Id.* at 10. That's in part because the RNC represents "private, partisan interests" that the "Federal Defendants are unlikely to be adequate representatives of." *Id.* at 11. Indeed, this Court "look[s] skeptically on government entities serving as adequate advocates for private parties." *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015). That skepticism holds "even when the interest of a federal agency and potential intervenor can be expected to coincide." *Id.*

*Second*, the RNC and the Federal Government have taken substantially different legal positions in this case. They've diverged particularly on threshold standing issues that the Appellees wish to brief separately. The RNC has also raised additional arguments on the merits, particularly in defense of Section 2(a) of the Executive Order. *Compare* RNC MSJ Br. at 7-21, ECF No. 161-1, *with* DOJ MSJ Br. at 18-22, ECF No. 163. And throughout the district court litigation, the RNC reduced duplicative arguments by joining sections of the Federal Government's briefs. *See, e.g.*, RNC Notice Joining DOJ MSJ Br., ECF No. 178. The RNC will continue to reduce duplicative arguments on appeal by joining the Federal

Government's briefs where it can. *See* Fed. R. App. P. 28(i) (allowing parties to "adopt by reference a part of another's brief").

For these reasons, the RNC respectfully requests permission to file full-length briefs separate from the Federal Government.

## V. Appellants' Position on Nonpartisan Appellees' Proposed Briefing Format

Appellants agree to the proposed briefing schedule and format. As the parties are not in total alignment, appellants agree that the federal defendants and intervenor defendants should each file separate briefs to be considered separately for purposes of compliance with Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

## CONCLUSION

For the foregoing reasons, Nonpartisan Appellees respectfully request that the Court permit separate briefing for Nonpartisan and Democratic Party Appellees and allot each the full length authorized for principal and reply briefs under the Local Rules, with Appellants and the RNC afforded the same allotment.

Dated: August 3, 2026

Wendy R. Weiser
Eliza Sweren-Becker
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
weiserw@brennan.law.nyu.edu
sweren-beckere@brennan.law.nyu.edu

Leah C. Aden
John S. Cusick
Brenda Wright
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
jcusick@naacpldf.org
bwright@naacpldf.org

Miranda Galindo
LATINO JUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
mgalindo@latinojustice.org

Niyati Shah
Alizeh Ahmad
ASIAN AMERICANS
ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, D.C. 20036
(202) 296-2300
nshah@advancingjustice-aajc.org
aahmad@advancingjustice-aajc.org

Respectfully submitted,

*/s/ Sophia Lin Lakin*
Sophia Lin Lakin
Ethan Herenstein
Jonathan Topaz
Clayton Pierce
Davin Rosborough
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
eherenstein@aclu.org
jtopaz@aclu.org
cpierce@aclu.org
drosborough@aclu.org

Sarah Brannon
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St. NW
Washington, DC 20001
(740) 632-0671
sbrannon@aclu.org
acepedaderieux@aclu.org

Michael Perloff
Scott Michelman
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF THE
DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
mperloff@acludc.org
smichelman@acludc.org

*Counsel for League Appellees*

12

/s/ Danielle Lang
Danielle Lang (DC Bar No. 1500218)
Anna Baldwin (DC Bar No. 998713)
Heather Szilagyi (DC Bar No. 90006787)
Benjamin Phillips (DC Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
Dlang@campaignlegalcenter.org
Abaldwin@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
Bphillips@campaignlegalcenter.org

/s/ Norman L. Eisen
Norman L. Eisen (DC Bar No. 435051)
Tianna J. Mays (DC Bar No. 90005882)
Pooja Chaudhuri (DC Bar No. 888314523)
Sofia Fernandez Gold (DC Bar No. 90010196)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
Norman@democracydefenders.org
Tianna@democracydefenders.org
Pooja@democracydefenders.org
sofia@democracydefenders.org

*Counsel for LULAC Appellees*

/s/ Marc E. Elias
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelley (DC 90010127)
Harleen K Gambhir (DC 1781869)
James J. Pinchak (DC 90034756)
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
 (202) 968-4652
abranch@elias.law
lmadduri@elias.law
cdodge@elias.law
jshelley@elias.law
hgambhir@elias.law
jpinchak@elias.law

Tyler Bishop (DC 90014111)
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177
tbishop@elias.law

*Counsel for Democratic Party Appellees*

*/s/ Gilbert C. Dickey*
Gilbert C. Dickey (VA Bar 98858)
Thomas R. McCarthy (VA Bar 47154)
Conor D. Woodfin (VA Bar 98937)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
gilbert@consovoymccarthy.com
tom@consovoymccarthy.com
conor@consovoymccarthy.com

*Counsel for the RNC*

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 2,210 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionally spaced typeface with Microsoft Word using Times New Roman 14-point font.

Dated: August 3, 2026                    */s/ Sophia Lin Lakin*
                                         Sophia Lin Lakin

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the Court's CM/ECF system on August 3, 2026, thereby serving it on all counsel of record and persons who have appeared in this case.


August 3, 2026                                    */s/ Sophia Lin Lakin*
                                                  Sophia Lin Lakin